IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THEODORE E. KING,

    Plaintiff,

v.                                                                                                          1:22-cv-00612-JB-LF

CHRISTINE WORMUTH, Secretary of the
Department of the Army, and
DEPARTMENT OF THE ARMY,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on defendant Christine Wormuth's[1] Motion to Dismiss or Transfer Due to Improper Venue and Supporting Memorandum, filed on November 10, 2022. Doc. 10. Plaintiff Theodore E. King filed his response on November 16, 2022. Doc. 12. Defendant filed her reply and a notice of briefing complete on November 30, 2022. Docs. 16, 17. The Honorable District Judge James O. Browning referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 18. Having read the

---

[1] Section 42 U.S.C § 2000e-16(c) provides that a civil action may be filed to redress any alleged discrimination in the hiring process, and "the head of the department, agency, or unit as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16 (effective Dec. 16, 2014). The same procedural requirement is applicable to plaintiff's disability discrimination claim. *See Brezovski v. U.S. Postal Serv.*, 905 F.2d 334, 335 n.2 (10th Cir. 1990) (noting that the procedural requirements in 42 U.S.C. § 2000e–16(c) are applicable to claims asserted under the Rehabilitation Act pursuant to 29 U.S.C. § 794(a)(1)); *see also Ellis v. U.S. Postal Serv.*, 784 F.2d 835, 838 (7th Cir. 1986) (reasoning that while the Age Discrimination in Employment Act ("ADEA") does not specify who must be named as a proper party defendant, the portion of the ADEA applicable to federal employees was patterned after a similar provision of Title VII; therefore, the two provisions should be construed consistently). Plaintiff incorrectly included the Department of the Army as a defendant; therefore, the Court refers to Secretary Christine Wormuth as the sole defendant in this case.

parties' submissions and reviewed the relevant law, I find that the motion is well-taken, and I recommend that the Court grant it.

I. **Background Facts**[2]

Mr. King currently resides in Albuquerque, New Mexico. Doc. 1 at 1. In 2017, Mr. King was employed as a "Supervisory Station Captain, GS-9" at Joint Base Lewis-McChord ("JBLM"). *Id*. at 3, 7, 9. JBLM is located just south of Tacoma, Washington, and is located within the Western District of Washington.[3] Mr. King applied for a promotion to become a "Supervisory Firefighter, GS-10" at JBLM. *Id*. at 3 (noting that "the address at which I sought employment" is "Joint Base Lewis McChord, WA 98433"), 7. At the time he applied for the GS-10 position, Mr. King was a member of a Title VII protected group as a person who is 45 years old. *Id*. at 7. He also had a service-connected disability rating of 30% or more. *Id*.

Although Mr. King was highly qualified for the position, his final scores were rated second highest. *Id*. Nicole McCullough, a female in her early 30s, had the highest score of the candidates and was selected for the position. *Id.* Plaintiff asserts that his "qualifications were observably superior," and therefore the selection process was rigged in Ms. McCullough's favor. *Id*. at 7–8. The decision to select Ms. McCullough was made at JBLM. Doc. 10-1 at 2. All records pertaining to the decision to select Ms. McCullough for the position are maintained and

---

[2] The facts are derived from Mr. King's complaint and the declarations submitted in support of defendant's motion. The Court accepts as true all well-pleaded allegations in the complaint bearing on venue unless contradicted by defendant's affidavits and may examine facts outside of the complaint to determine whether venue is proper. *Hancock v. AT&T Co*., 701 F.3d 1248, 1260–61 (10th Cir. 2012).

[3] The Court takes judicial notice of the location of JBLM. *See United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial and thus it is within the general definition contained in Fed. R. Evid. 201(b) . . . ."); *see also Anthony v. United States*, No. 3:19-CV-05337-BJR, 2021 WL 4078071, at *1 (W.D. Wash. Sept. 8, 2021) (unpublished) (identifying the location of JBLM as "just south of Tacoma, Washington").

administered at JBLM. Doc. 10-2 at 1–2. The selecting official and members of the panels that reviewed the applicants' resumes and interviewed the applicants were all JBLM employees, and the selecting official continues to live in western Washington. *See* Doc. 10-1 at 1–2.

Mr. King filed his complaint in this Court on August 17, 2022, alleging violations for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 ("ADEA"), and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117 ("ADA").[4] Doc. 1 at 3.

## II.   Legal Standard

Rule 12(b)(3) authorizes a court to dismiss a complaint for improper venue. *See* FED. R. CIV. P. 12(b)(3). Once a defendant challenges venue, the plaintiff has the burden of establishing that venue is proper in the forum district. *See Gwynn v. TransCor Am., Inc.*, 26 F. Supp. 2d 1256, 1261 (D. Colo. 1998); *Goff Dairy, LLC v. Henry*, No. 11-cv-00966-JCH-SMV, 2012 WL 13076188, *2 (D.N.M. Oct. 16, 2012) (unpublished). "At the motion to dismiss stage, a plaintiff must present only a prima facie showing of venue." *Scott v. Buckner Co.*, 388 F. Supp. 3d 1320, 1324 (D. Colo. 2019). In reviewing a defendant's Rule 12(b)(3) motion to dismiss for improper

---

[4] Although Mr. King purports to bring a claim under the ADA, *see* Doc. 1 at 3, which prohibits discrimination by public entities on the basis of disability, the ADA does not apply to federal employers. *See Brown v. Austin*, 13 F.4th 1079, 1084 n.3 (10th Cir. 2021) (noting that the ADA does not apply to federal employers). Mr. King would have to bring his disability discrimination claim under the Rehabilitation Act, which prohibits discrimination on the basis of disability by any federal Executive Agency. 29 U.S.C. § 794(a). The ADA and the Rehabilitation Act, however, "impose identical obligations on employers." *Cummings v. Norton*, 393 F.3d 1186, 1190 n.2 (10th Cir. 2005). Further, the procedures for the ADA and the Rehabilitation Act violations are co-extensive. *See* 42 U.S.C. § 12133 ("The remedies, procedures, and rights set forth in [the Rehabilitation Act] shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title."). Consequently, the Court analyzes Mr. King's disability discrimination claim under the Rehabilitation Act, not the ADA.

venue, the Court may examine facts outside of the complaint such as defendant's affidavits. *Hancock v. Am. Tel. & Tel. Co., Inc.*, 701 F.3d 1248, 1260 (10th Cir. 2012). A court must accept the well-pleaded allegations of the complaint as true to the extent that they are uncontested by the defendant's affidavits. *Id*. "If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Scott*, 388 F. Supp. 3d at 1324 (citation and internal quotation marks omitted).7

If venue is improper, the Court has the discretion to dismiss the case without prejudice or transfer it to a district where venue is proper. 28 U.S.C. § 1406(a); *see also Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006). Even if venue is proper, the Court may "transfer a civil action to any other district or division where it might have been brought" for the convenience of the parties and witnesses or in the interest of justice. 28 U.S.C. § 1404(a).

### III. Discussion

#### A. Venue is Improper Under Title VII and the Rehabilitation Act.

Typically, venue is analyzed under the general venue statute. *See* 28 U.S.C. § 1391. Under Title VII, however, venue is only proper in a judicial district (a) where the unlawful employment practice allegedly occurred; (b) where the relevant employment records are maintained and administered; or (c) where the plaintiff would have worked but for the allegedly unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3). If the defendant is not found within any of these judicial districts, venue may be proper in the district where the defendant has its principal office. *Id*. The Rehabilitation Act incorporates Title VII's venue provision. *See* 29 U.S.C. § 794a(a)(1). "It has long been settled in [the Tenth Circuit] that this provision, rather than the general venue statute, governs venue in Title VII actions," *Pierce v. Shorty Small's of*

*Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998), and by extension, in Rehabilitation Act cases, *see Aytes v. McWilliams*, No. 21-cv-095-JFH-SH, 2023 WL 2652788, *2 (N.D. Okla. Mar. 27, 2023) (unpublished).

Based on Mr. King's claims under Title VII and the Rehabilitation Act, venue is improper in New Mexico.  First, the alleged unlawful employment practice was committed in the Western District of Washington.  Mr. King alleges that when he was working as a Supervisor Station Captain, GS-9, at JBLM (in the Western District of Washington), he applied for Supervisory Firefighter GS-10 at JBLM.  Doc. 1 at 3, 7; *see also* Doc. 10-1 at 1.  Mr. King submitted his resume for the position at JBLM.  Doc. 10-1 at 1.  The selecting official at JBLM was Ronald Glickman.  *Id.*  Mr. Glickman assembled a panel of individuals to review and score resumes submitted for the position.  *Id.* at 2.  The panel consisted of individuals who all worked at JBLM.  *Id.*  The panel conducted interviews for the position and provided a score for each interviewed candidate.  *Id.*  The panel of interviewers consisted of individuals who worked at JBLM.  *Id.*  Mr. King was interviewed by the panel at JBLM, and Mr. Glickman selected a younger female candidate for the position.  *Id.*; Doc. 1 at 7.  The decision to select the female candidate took place at JBLM in the Western District of Washington.  *Id.*  The alleged unlawful employment practice—the selection of the female candidate over Mr. King—was committed in the Western District of Washington.

Second, the employment records relevant to the non-selection of Mr. King are maintained and administered in the Western District of Washington.  The Army Civilian Personnel Advisory Center ("CPAC") is the custodian of records for Army civilian recruitment and hiring actions at JBLM and is the custodian of the records for the March 2017 hiring action for the Supervisory Firefighter position at issue in this case.  Doc. 10-2 at 1.  The documents related to the decision

to not hire Mr. King were maintained by CPAC and uploaded into the Army records system during the hiring process or shortly after the hiring action was completed. *Id.* at 2. The Army has since changed systems for tracking hiring actions, and the documents maintained in the legacy system are no longer available. *Id.* Nonetheless, when Mr. King filed a discrimination complaint with the Army's Equal Employment Opportunity ("EEO") office, also located at JBLM, copies of documents related to the hiring action in CPAC's possession were produced to the EEO officer for inclusion in the Report of Investigation related to the investigation of Mr. King's complaint. *Id.* Consequently, all of the employment records relevant to the alleged discriminatory hiring practice are maintained and administered at JBLM in the Western District of Washington.

Third, the Western District of Washington is the judicial district in which Mr. King would have worked but for the alleged unlawful employment practice. Mr. King currently lives in New Mexico. Doc. 1 at 1. When he applied for the GS-10 position, that position was for a Supervisory Firefighter at JBLM, and he would have worked at JBLM had he been selected for the promotion. Although Mr. King argues that his intention was to obtain the GS-10 position and then move to New Mexico, Doc. 12 at 3, Mr. King's intent to move to New Mexico does not refute that the position he applied for was in the Western District of Washington, and that is where he would have worked, at least initially, had he been promoted. In short, venue is proper in the Western District of Washington for Mr. King's claims under Title VII and the Rehabilitation Act; venue is not proper here.

B. <u>Venue Under the ADEA</u>

The ADEA lacks a specific venue provision. Therefore, the general venue statue, 28 U.S.C. § 1391, applies to Mr. King's ADEA claim. In actions, such as this one, where

6

> the defendant is an officer or employee of the United States, venue is proper in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). Venue for the ADEA claim is therefore proper in (1) the Eastern District of Virginia, where the Secretary of the Army resides, (2) the Western district of Washington, where the non-selection occurred; or (3) the District of New Mexico, where Mr. King resides. Citing the general venue statue, Mr. King contends that because he waived his right to a jury trial and that no real property is involved in this lawsuit, his residency in New Mexico and where he currently is domiciled makes venue proper in the District of New Mexico. Doc. 12 at 2. The specific venue provisions that apply to Mr. King's Title VII and Rehabilitation Act claims, however, override the general venue provision that applies to his ADEA claim.

Generally, venue must be established for each separate cause of action. *Standifer v. J.B. Hunt Transp., Inc.*, No. 22-cv-2069-JAR-GEB, 2022 WL 5038198, *3 (D. Kan. Oct. 4, 2022) (unpublished). District courts in the Tenth Circuit, however, generally hold that the specific venue provisions of Title VII and the Rehabilitation Act override the general venue provisions of other federal claims. *See, e.g.*, *Trujillo v. Total Bus. Sys., Inc.*, 704 F. Supp. 1031, 1032 (D. Colo. 1989) (holding that venue for a case with Title VII and § 1981 claims must be brought where venue lies under Title VII); *Reid v. D.P. Curtis Trucking, Inc.,* No. 12-cv-0134-KBM-ACT, 2012 WL 5409786, at *1 (D.N.M. Oct. 31, 2012) (unpublished) (holding that Title VII specific venue statute "trumps" general venue statute despite the presence of a § 1981 claim); *Standifer*, 2022 WL 5038198, at *4 ("Title VII and the ADA's venue provision would apply to the ADEA and § 1981, not vice versa."). The only case cited by Mr. King held that the court, sitting in the Eastern District of Virginia, would not exercise "pendent venue" where venue was

7

only proper in the District of Columbia on plaintiff's Rehabilitation Act claim, and venue was proper in both the District of Columbia and the Eastern District of Virginia on his ADEA claim. *See Lengacher v. Reno*, 75 F. Supp. 2d 515, 517–18 (E.D. Va. 1999) ("Because venue is proper as to only one of plaintiff's claims, and because the doctrine of pendent venue is not applicable, the motion to transfer the entire action to the District Court for the District of Columbia must be granted."). Similarly, in this case, application of the specific venue provisions of Title VII and the Rehabilitation Act provide that the only proper venue is the Western District of Washington. The more general venue statute applicable to Mr. King's ADEA claim provides that venue is proper in both the Western District of Washington and the District of New Mexico. Under these circumstances, the Court should not apply the doctrine of pendent venue; the proper venue for all of Mr. King's claims is the Western District of Washington.

      C.  <u>The Court Should Transfer Rather Than Dismiss Mr. King's Claims</u>.

When venue is improper, the Court has discretion to dismiss the case or transfer it to a district where it could have been brought if transfer is in the interest of justice. 28 U.S.C. § 1406(a); *Trujillo*, 465 F.3d at 1222–23. Given that Mr. King may face timeliness issues if the case were dismissed and he had to refile, and given that defendant does not object to transferring this action to the Western District of Washington, Doc. 10 at 9, transfer rather than dismissal is in the interest of justice.[5] *See Montoya v. Financial Federal Credit, Inc.*, 872 F. Supp. 2d 1251, 1281–82 (D.N.M. May 30, 2012) (finding that it was in the interest of justice to transfer case rather than dismiss it because plaintiffs had a potential statute-of-limitations problem, and there

---

[5] Because I find that the Court should transfer this case under 28 U.S.C. § 1406(a), I do not address the defendant's alternative argument that the Court should transfer the case under 28 U.S.C. § 1404(a) because New Mexico is an inconvenient forum.

was no evidence that plaintiffs filed their claim in the improper forum to harass the defendant). The Court should transfer this case to the Western District of Washington.

I therefore recommend that the Court GRANT defendant Christine Wormuth's Motion to Dismiss or Transfer Due to Improper Venue and Supporting Memorandum (Doc. 10).

I further recommend that the Court transfer this case to the Western District of Washington.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. *Id.* In other words, if no objections are filed, no appellate review will be allowed.

_____
Laura Fashing
United States Magistrate Judge